DOUCET, Judge.
On September 3, 1985, defendant, Frank McCardell, Jr., was involved in an automobile accident in which he sustained personal injuries. McCardell’s medical expenses were paid by his personal health insurer, Subro Audit, Inc. and Association Life Insurance Company (Subro), in the amount of Six Thousand, Five Hundred Thirty-eight and 01/100 ($6,538.01) Dollars. Following the accident, McCardell filed suit against the tortfeasor, Denise M. Brandonburg, and her insurer, USF & G. During the period from the accident until the settlement on August 25, 1986, Subro failed to assert any claim or intervention in the McCardell suit.
Eighteen months after the accident and pursuant to a subrogation clause in the health insurance policy, Subro attempted to recover the amounts paid by it to McCar-dell by filing suit. This suit was dismissed on a motion for summary judgment filed by McCardell. The court stated that the sub-rogation clause in the health insurance policy was too vague and ambiguous to effect a valid and binding right of subrogation. It is from this judgment that Subro appeals. We affirm.
The insurance policy provision which forms the subject of this suit is as follows:
“In those states allowed by law, insureds agree to transfer to Us their rights to recover damages or amounts actually recovered by them, for sickness or injury caused by the alleged negligence of any third party. Such rights and recovery extend only to actual benefits paid by Us.”
Subro contends that the above clause gives them two avenues to recoup the amount paid for medical expenses incurred by McCardell. In the first case, the insurer can seek a transfer of the insured’s rights to recover these damages; subrogation. In the second case, the insurer can seek a transfer of the funds actually recovered by the insured for the injuries caused by the third party’s negligence; reimbursement.
Subro readily admits that the first option is not available to them because McCardell has settled with the third party tort-feasor for the medical expenses in question and they cannot now collaterally attack the agreement between these parties. La.C.C. art. 3077, Audubon Insurance Company v. Farr, 453 So.2d 232 (La.1984). Thus, the question is whether the second option, reimbursement for the medical expenses paid to McCardell in his settlement with the third party tort-feasor, is available. We find that the answer to this inquiry is in the negative since the aforementioned clause is vague and ambiguous as it is *322 unclear as to exactly what was intended by the clause. The language, i.e., . agree to transfer ...” is susceptible to different interpretations but it seems to contemplate a future agreement on the part of McCar-dell to transfer to Subro the right of recovery. No such agreement was ever made.
Under Louisiana law, it is well settled that any ambiguity in the insurance contract must be resolved in favor of the insured. Rodriguez v. Northwestern National Insurance Co., 358 So.2d 1237 (La.1978). In fact, when more than one interpretation of a policy is possible, the interpretation favoring the insured will be adopted. Creole Explorations, Inc. v. Underwriters at Lloyd’s London, 161 So.2d 768 (La.1964). Having found that the clause in question is vague and ambiguous, we will resolve any ambiguity in favor of McCardell, the insured. As previously stated, the language in the clause seems to contemplate a future agreement on the part of Subro and McCardell and no such agreement was ever made. Thus, we find that the trial court was correct in granting the motion for summary judgment as there was no genuine issue of material fact upon which relief could be granted. As such, we will not disturb the lower court’s finding with respect to this issue on appeal.
For the reasons assigned, the judgment of the lower court granting summary judgment in favor of appellee is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.
STOKER, J., dissents and assigns written reasons.